# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| CECILIO LOPEZ, | § |
| Plaintiff, | § |
| v. | § Civil Action No. **3:16-CV-2294-L** |
| ALLSTATE TEXAS LLOYD'S, | § |
| Defendant. | § |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion to Remand (Doc. 7), filed September 2, 2016. After careful review of the motion, response, record, and applicable law, the court **grants** Plaintiff's Motion to Remand.

## I. Background

Cecilio Lopez ("Plaintiff" or "Lopez") originally filed this action against Allstate Texas Lloyd's ("Defendant" or ("Allstate") on May 4, 2016, in the 134th Judicial District Court of Dallas County, Texas. Lopez sustained losses to his dwelling (home) and his personal property as a result of windstorm, hailstorm, and water damage to his property. Lopez contends that Allstate failed to compensate him fully for the damage to his home and personal property in accordance with his Insurance Policy ("Policy") with Allstate. Pl.'s Original Pet. 3-4.

Lopez asserts claims for breach of contract, violations of the Texas Deceptive Trade Practices Act ("DTPA"), violations of the Texas Insurance Code, and breach of the duty of good faith and fair dealing. He seeks actual and special damages as follows:

> past, present, and future cost of repair to PLAINTIFF'S home, any investigative and engineering fees incurred in the claim, cost of mitigation, reliance damages, restitution damages, and costs of alternative housing while repairs are occurring.

> The Plaintiff is also entitled to recover consequential damages from Defendant's breach of contract. The Plaintiff is also entitled to recover the amount of PLAINTIFF'S claim plus 18% per annum penalty on that claim against Defendant as damages under Section 542 of the Texas Insurance Code, plus pre-judgment and post judgment interest and attorney's fees.

Pl.'s Original Pet. 13-14.

Allstate removed the state court action to federal court on August 8, 2016, contending that complete diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000, exclusive of interest and costs. Lopez disagrees and contends that Allstate has not established that the amount in controversy exceeds $75,000 and seeks a remand of this action to state court.

## II.   Subject Matter Jurisdiction

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted). "[S]ubject-matter

jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

Federal courts may also exercise subject matter jurisdiction over a civil action removed from a state court. Unless Congress provides otherwise, a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.") (citation omitted).

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001) (citation omitted). Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court is entitled to consider disputed facts as well as undisputed facts in the record and make findings of fact related to the jurisdictional issue. *Clark v. Tarrant Cnty.*, 798 F.2d 736, 741 (5th Cir. 1986). All factual allegations of the complaint, however, must be accepted as true. *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.

The record establishes that diversity of citizenship exists between the parties. As diversity of citizenship exists between the parties, the court, therefore, focuses solely on whether Allstate

**Memorandum Opinion and Order – Page 3**

has established that more likely than not the amount in controversy exceeds $75,000. For diversity purposes, the amount in controversy normally is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. 28 U.S.C. § 1446(c)(2); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995). In a removal case, when the complaint does not state a specific amount of damages, the defendant must establish by a preponderance of the evidence that "the amount in controversy exceeds the [$75,000] jurisdictional amount." *St. Paul Reinsurance*, 134 F.3d at 1253. "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount of the claim will exceed [the jurisdictional amount]." *De Aguilar*, 47 F.3d at 1412 (footnotes omitted). The test to be used by the district court is "whether it is more likely than not that the amount of the claim will exceed [the jurisdictional threshold]." *St. Paul Reinsurance*, 134 F.3d at 1253 n.13.

As the Fifth Circuit has stated, "[t]he district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *Id.* at 1253. If a defendant fails to establish the requisite jurisdictional amount, the court must remand the case to state court. If a defendant establishes that the jurisdictional amount has been met, remand is appropriate only if a plaintiff can establish "to a

legal certainty" that his recovery will not exceed the jurisdictional threshold. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 387-88 (5th Cir. 2009).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance*, 134 F.3d at 1253 (footnote omitted). Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

## III. Discussion

### A. Texas Rule of Civil Procedure 47

Allstate contends that it meets its burden and establishes that the amount in controversy exceeds $75,000 because Plaintiff pled that he is seeking monetary relief of up to $100,000. Def.'s Resp. to Pl.'s Mot. to Remand ¶ 3.9. This statement is incorrect. In his pleadings, "Plaintiff seeks monetary relief of $100,000.00 or less, including damages of any kind, penalties, costs, expenses, prejudgment and post-judgment interest and attorney's fees."[1] Pl.'s Original Pet. 3, § IV.

Defendant's argument that Plaintiff alleges and seeks monetary relief up to $100,000 does nothing to establish the amount in controversy. When a party files an original pleading in a Texas state court, applicable state law requires the pleading to include one of five categories of relief

---

[1] Of course, as a matter of law, the amount in controversy cannot include interest and costs. 28 U.S.C. § 1332(a).

**Memorandum Opinion and Order – Page 5**

sought. Tex. R. Civ. P. 47(c)(1)-(5).[2] By including such a statement in the Petition, Plaintiff was merely complying with relevant Texas law. Moreover, the category selected by Plaintiff does not establish that the amount necessarily exceeds $75,000, as the category he selected also includes amounts of $75,000 and below, which are less than the jurisdictional threshold. Defendant's speculation and interpretation as to the amount of specific monetary relief sought by Plaintiff do not provide the basis for establishing that the amount in controversy exceeds $75,000, as Plaintiff merely pleaded in state court as he was required to do under Rule 47.

### B. Plaintiff's Stipulation of Damages

Lopez filed a stipulation of damages on August 30, 2016, in which he stipulated to the following: "The total damages sought by Plaintiff, Cecilio Lopez, against Defendant Allstate Texas Lloyds for all elements of damage does not exceed the sum of $75,000.00, including exemplary and punitive damages, penalties, and attorneys' fees, but exclusive of interest and costs." Pl.'s Stip. of Damages 1. Lopez further stipulated that he would "not seek or accept any damages, recovery and/or award that may be rendered in [this] matter in excess of $75,000.00 as described in Paragraph 1 of this Stipulation." *Id*. He also renounces any judgment greater than $75,000. *Id*.

In a removal case, "once the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the district court

---

[2] Rule 47(c)(1)-(5) requires, except in cases governed by the Family Code, a party to seek relief as follows:

(1) only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees; or
(2) monetary relief of $100,000 or less and non-monetary relief; or
(3) monetary relief over $100,000 but not more than $200,000; or
(4) monetary relief over $200,000 but not more than $1,000,000; or
(5) monetary relief over $1,000,000.

**Memorandum Opinion and Order – Page 6**

of diversity jurisdiction." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (citations omitted). Post-removal affidavits, amendments, or stipulations may be considered by the district court in determining the amount in controversy "if the basis for jurisdiction is ambiguous at the time of removal." *Id.* (citation omitted). On the other hand, "if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Id.* (citation omitted).

Contrary to Allstate's contention, the court may consider the stipulation in determining the amount in controversy because it is not facially apparent from Lopez's pleadings that the jurisdiction threshold has been satisfied. This is so in part because Lopez is not specific regarding any of the categories of damages he seeks, although he sues under several theories. Further, Plaintiff contends that he has been underpaid by Allstate, that is, Allstate did not pay him all to which he is entitled under his Policy with Allstate. While the court agrees that consideration of the Policy limits in conjunction with Plaintiff's allegations could be helpful in determining the amount in controversy, they are not helpful *in this case* for the reasons later mentioned by the court.

As it is not facially apparent that the amount in controversy exceeds $75,000, the court may consider the stipulation in determining whether the jurisdictional threshold has been met; however, even if the court does not consider the stipulation, Allstate has not shown that it is more likely than not that the amount in controversy exceeds $75,000. The court now states why Allstate has not met its burden, even if it were to disregard the stipulation of damages filed by Lopez.

### C. Defendant's Evidence to Establish the Amount in Controversy

Allstate contends that Plaintiff's Petition establishes that it is facially apparent that Lopez seeks damages in excess of $75,000 and that it has affirmatively established by a preponderance of evidence that the amount in controversy exceeds $75,000. The court disagrees. Plaintiff's Petition and the Policy limits are insufficient to show in this case that the amount in controversy exceeds $75,000. What Allstate presents to the court is essentially argument, conjecture, and conclusory statements.

While Plaintiff's Petition alleges several theories of recovery and seeks recovery of several categories of damages, there is nothing in the Petition that remotely quantifies the amount of loss or damages that Plaintiff has suffered. In other words, there is no point of reference or starting point that serves as a base on which the court can build and make reasonable inferences to conclude that the amount Plaintiff seeks is greater than $75,000.

Moreover, Lopez's lawsuit is one in which he makes clear that Allstate has not paid him all to which he is entitled under the Policy. The only logical and reasonable inference is that whatever amount Allstate has heretofore paid Lopez is not part of his claim for damages in this action; however, whatever has been paid would count toward the Policy limits. If this were a case in which Plaintiff contends that Allstate had not paid him anything, the court would be inclined to agree that the amount-in-controversy requirement has been met, but the lack of any quantification of damages and the amount by which Plaintiff has been underpaid are the "flies in the ointment" that prevent the court from concluding that the amount in controversy more likely than not exceeds $75,000. The court acknowledges that the number of claims asserted by Plaintiff and the categories of damages sought by him, *could* well exceed $75,000; however, "*could*" in this context indicates or refers to a "*possibility*," whereas the "more likely than not standard" means

**Memorandum Opinion and Order – Page 8**

"probability." Admittedly, this is a close call, but in the final analysis, the court cannot conclude that Defendant has moved beyond a strong "possibility" that the amount in controversy exceeds $75,000 to a "probability" that the jurisdictional threshold has been met. To conclude otherwise requires the court "to dip into the briar patch of guesswork." *Staton v. Wells Fargo Bank, N.A.*, 192 F. Supp. 2d 681, 684 (N.D. Tex. 2002). The court declines to engage in such guesswork.

### D. Attorney's Fees and Costs

Lopez requests that he be awarded attorney's fees and costs if the case is remanded. The applicable statute provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). There is no "automatic entitlement to an award of attorney's fees." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). Bad faith is not "a prerequisite to awarding attorney fees and costs." *Id.* (citation omitted). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted). In this regard, the court must decide "whether the defendant had objectively reasonable grounds to believe the removal was legally proper" at the time of removal, "irrespective of the fact that it might ultimately be determined that removal was improper." *Valdes*, 199 F.3d at 293.

Allstate contends, or one can reasonably conclude it is contending, that it had objectively reasonable grounds to remove this action. The court agrees. The court previously stated that whether Allstate had met its burden regarding the amount in controversy was a "close call." Based on the totality of the circumstances, namely, the claims asserted and the relief sought and available to Plaintiff, the court understands why Allstate would have objectively reasonable grounds to

**Memorandum Opinion and Order – Page 9**

believe that the amount in controversy could exceed $75,000. That the court ultimately remands a case does not mean that the removing party lacked an objectively reasonable basis for removal. In a close case such as this one, the court concludes that an award of attorney's fees and costs is not warranted.

IV. **Conclusion**

For the reasons herein stated, the court **concludes**, after conducting a de novo review of those portions of the Report to which Allstate objected, that Allstate failed to carry its burden and establish by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, the court **overrules** Allstate's objection regarding the amount in controversy. The court **lacks** subject matter jurisdiction to entertain this action and **remands** it to the 134th Judicial District Court of Dallas County, Texas, from where it was removed. The court **directs** the clerk of court to effect the remand in accordance with the usual procedure. The court **sustains** Allstate's objection to that part of the Report that recommends it pay Lopez's reasonable attorney's fees. As the court ruled that an objectively reasonable basis existed to remove this action, Lopez is not entitled to recover his attorney's fees and costs, and no attorney's fees and costs are awarded.

**It is so ordered** this 28th day of April, 2017.

*[signature: Sam A. Lindsay]*

Sam A. Lindsay
United States District Judge